**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BARBARA BRASWELL,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.: _____** |
| | § | |
| **GEICO ADVANTAGE INSURANCE** | § | |
| **COMPANY and HARRELL CHILDS,** | § | |
| **Defendants.** | § | |

---

## NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL

---

**TO THE HONORABLE UNITED STATES DISTRICT COURT**:

Defendants GEICO Advantage Insurance Company ("GEICO") and Harrell Childs ("Childs") (collectively, "Defendants") hereby file this Notice of Removal and Demand for Jury Trial of Cause Number DC-17-07970, styled *Barbara Braswell v. GEICO Advantage Insurance Company and Harrell Childs,* currently pending in the 14th District Court, Dallas County, Texas. GEICO removes the case to the U.S. District Court for the Northern District of Texas, Dallas Division pursuant to 28 U.S.C. §§1332, 1441 and 1446. As grounds for removal, GEICO states as follows:

## I.
## BACKGROUND

1. This case involves a dispute over uninsured motorist insurance benefits under a policy of insurance issued by GEICO to Plaintiff Barbara Braswell, for alleged injuries sustained in a motor vehicle accident on September 21, 2016. *See* Plaintiff's Petition attached hereto as Exhibit 1-A.

2.      On April 5, 2017,[1] Plaintiff's counsel sent a demand to GEICO Advantage Insurance Company on behalf of Plaintiff Braswell.  *See* Exhibit B.

3.      On May 1, 2017, Childs left a voicemail with Plaintiff's counsel Brandon Lavery offering $16,073.60 in response to Plaintiff's counsel's demand. *See* Exhibit A.

4.      On May 30, 2017, Childs left a voicemail for Plaintiff's counsel requesting a response to the offer. *See* Exhibit A.

5.      On June 5, 2017, counsel Brandon Lavery faxed a letter to GEICO adjuster Childs requesting a breakdown of the offer claiming Childs "failed to attempt in good faith to effect a prompt, fair and equitable settlement after liability has become reasonably clear."  *See* Exhibit C.

6.      On June 7, 2017, Childs responded to Lavery's letter with a breakdown and the reasoning he used to arrive at his offer. *See* Exhibit D.

7.      On June 15, 2017, Childs left a voicemail for Plaintiff's counsel requesting a response to the offer. *See* Exhibit A.

8.      On June 28, 2017 [2], Lavery faxed a letter to Childs stating the offer was rejected and suit would be filed shortly.  *See* Exhibit E.

9.      On July 5, 2017, suit was filed.

## II.
## OVERVIEW

10.      Plaintiff commenced this action, styled *Barbara Braswell v. GEICO Advantage Insurance Company and Harrell Childs,* currently pending in the 14th District Court, Dallas County, Texas, against GEICO by filing her Original Petition on July 5, 2017 under Cause Number DC-17-07970 ("State Court Action"). In Plaintiff's Original Petition, she seeks to

---

[1] Letter is dated April 5, 2017 but was received April 14, 2017.
[2] Letter is dated June 28, 2017 but was received June 29, 2017.

recover damages from the Defendants in excess of $100,000.00 but not over $200,000.00. *See* Exhibit 1-A at II.

11.     Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant GEICO. Additionally, Childs has been improperly joined for the purpose of defeating diversity.

12.     Defendant GEICO was served on July 18, 2017 in Richardson, Texas, therefore, removal is timely under 28 U.S.C. § 1446(b). *See* Return of Service for Defendant GEICO attached hereto as Exhibit 1-D.

13.     Defendant Childs was served on July 18, 2017 in Richardson, Texas. *See* Return of Service for Childs attached hereto as Exhibit 1-E.

14.     Plaintiff has served all Defendants. *See* Exhibits 1-D and 1-E; *See also* Register of Actions for the State Court Action, hereto attached as Exhibit 1-J.

15.     A true and correct copy of all process, pleadings, and the orders served upon GEICO in the State Court Action are being filed with this Notice as required by 28 U.S.C. § 1446(a), and are attached hereto as Exhibit 1.

16.     Defendants now file this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the state court in which this case was previously pending.

**III.**
## GROUNDS FOR REMOVAL

17.     This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §

1332(a) because the parties involved are citizens of different states, and the matter in controversy

exceeds $75,000.00, exclusive of interest and costs.

**A.     COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES**

18.      Plaintiff alleges she is a resident of Ellis County, Texas. *See* Exhibit 1-A at III.

19.     Plaintiff does not make any allegations as to the citizenship of GEICO. *Id.*

20.     Plaintiff does not make any allegations as to the principal place of business of

GEICO. *Id.*

21.     Defendant GEICO Advantage Insurance Company is incorporated in Nebraska

and its principal place of business is in Nebraska.

22.     Accordingly, GEICO is a citizen of the State of Nebraska and complete diversity

exists.

23.     Plaintiff named Childs as a Defendant with a residence located in Dallas County,

Texas. *See* Exhibit 1-A at III.

24.     Defendant Childs is a citizen of the State of Texas. His citizenship, however,

should not be taken into consideration for purposes of determining diversity as he has been

improperly joined in this action in that the Plaintiff has not asserted any valid claim against him

and joined him in this lawsuit solely in an effort to defeat diversity jurisdiction as part of a

routine pattern and practice. *See* Section C. below.

25.     A defendant may be disregarded as a party for purposes of establishing diversity

if the court determines that the joinder is an improper device to defeat diversity jurisdiction and

prevent removal. *Madison v. Vintage Pet., Inc.*, 114 F.3d 514 (5th Cir. 1997); *Smallwood v.*

*Illinois Cent. R.R. Co.,* 385 F.3d 568, 571 (5th Cir. 2004); *In re Benjamin Moore & Co.*, 318 F.3d 626 (5th Cir. 2002); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921) (stating "[R]ight of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy").

## B.    PLEADING STANDARD

26.    To determine whether a party was fraudulently or improperly joined to prevent removal, "the court must analyze whether (1) there is actual fraud in pleading jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007). In this case the Plaintiff is unable to establish a cause of action against Defendant Childs, thereby rendering his joinder improper. Therefore, the court may either: (1) conduct a Rule 12(b)(6)-type analysis or (2) in rare cases, make a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004).

27.    The Fifth Circuit recently held that federal courts should use the federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder to determine if the plaintiff has stated a claim against a nondiverse defendant. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. *Twombly*, 550 U.S. at 555, and n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

28.     Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. *Id.* at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. *Id.* In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

29.     In order to assert an actionable cause of action against an adjuster, Texas federal courts require the plaintiff "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer." *See, e.g., Okenkpu v. Allstate Tex. Lloyd's*, No. H–11–2376, 2012 WL 1038678 (S.D. Tex. Mar. 27, 2012); *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, No. H–10–1846, 2011 WL 240335, *14 (S.D. Tex. Jan. 20, 2011); *Gonzales v. Homeland Ins. Co. of N.Y.*, No. H–11–123, 2011 WL 3104104 (S.D. Tex. July 25, 2011); *Glen Willow Apartments v. Lexington Ins. Co.*, No. H–10–2095, 2011 WL 1044206, *3 (Mar. 16, 2011); *Emmanuel*

*Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.*, No. H–10–4162, 2011 WL 2837588
(S.D. Tex. July 18, 2011); *Jiminez v. Travelers Indem. Co.*, No. H–09–1308, 2010 WL 1257802,
*6 (S.D. Tex. Mar. 25, 2010).

30.     Plaintiff alleges a declaratory judgement action against Defendants GEICO and
Childs stating:

> Plaintiff now asks the Court, pursuant to the Texas Declaratory Judgments Act
> §37.001 et. seq., for a declaration that her injuries and damages fall within the
> coverage of the Insurance Policy issued by Defendant Geico Advantage Insurance
> Company and for a declaration of their rights to such benefits and judgment
> against Defendants Geico Advantage Insurance Company and Harrell Childs.

31.     Plaintiff's pleading contains **no** factual allegations regarding Defendant Childs.

32.     Texas law does not contemplate that adjusters like Childs will be held
individually liable for the insurance carrier's decision on a claim. *See Ardila v. State Farm
Lloyds*, No. H-01-0454, 2001 WL 34109378 (S.D. Tex. 2001) (citing *Coffman v. Scott Wetzel
Servs., Inc.*, 908 S.W.2d 516 (Tex. App.—Fort Worth 1995, no writ) (adjusters do not have
liability under the DTPA for lack of good faith in processing insurance claims). As Judge
Melinda Harmon noted, claims against an individual adjuster for "insufficient investigation and
undervaluing the claim, incorporated into a report to [the carrier], is insufficient to establish the
possibility of a claim against her individually for violation of the Texas Insurance Code §
541.060(a), the DTPA, Business & Commerce Code §§ 17.41 et seq., and common law fraud."
*See Centro Cristiano Cosecha Final Inc.*, 2011 WL 240335 at *14.  In addition, the Fifth Circuit
has held

> there is no reasonable possibility that Texas would allow recovery under [former]
> Article 21.21 (or the Texas Deceptive Trade Practices Act (DTPA)) against an
> insurance company employee, who in the course of his employment engages in
> the business of insurance, in the absence of evidence sufficient to sustain a finding
> that that employee herself committed a violation of Article 21.21 (or the DTPA)

and that such violation was a cause of damage or legally recognized harm to the plaintiff.

*Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004); *see also Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15–CV–1087–D, 2015 WL 5098047 (N.D. Tex. Aug. 31, 2015); *One Way Invs v. Century Sur. Co.*, No. 3:14–CV–2839–D, 2014 WL 6991277 (N.D. Tex. Dec. 11, 2014); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014); *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, 2009 WL 3602043, *4 (S.D. Tex. 2009) holding, (conclusory allegations regarding "some involvement" by adjuster assigned to investigate claim after initial denial was not sufficient to support claims of fraud and Insurance Code violations); *Ford v. Prop. & Cas. Ins. Co. of Hartford*, No. H–09–1731, 2009 WL 4825222 (S.D. Tex. 2009) (pleading that individual defendant was one of the adjusters assigned to Plaintiffs' claim was not sufficient to satisfy obligation under Texas law to allege that the adjusters, as individuals, committed the violation that caused the harm).

33.    Plaintiff's claim against Childs is in violation of the federal pleading requirements established by *Twombly* and *Iqbal*. Plaintiff's allegations (or more appropriately, complete lack thereof) against Childs do not rise to the level of even bare legal conclusions or a formulaic recitation of the elements of a cause of action, they are simply non-existent. As such, Plaintiff's petition against Childs exemplifies the pattern and practice of improper joinder established by Plaintiff's counsel, Eberstein & Witherite.

## C.    PATTERN AND PRACTICE OF IMPROPER JOINDER

34.    Plaintiff's counsel has a long history of improperly joining GEICO insurance adjusters as party-defendants in first-party suits against GEICO to recover policy benefits in an effort to avoid removal of the case from state court to federal court.  This is yet another example of one such case.

35.     Eberstein & Witherite has established a practice of intentionally adding adjusters to lawsuits to defeat diversity.  Prior to this case being filed, Eberstein & Witherite had an impermissible pattern and practice of refusing to nonsuit an adjuster (despite pleading no factual allegations against them) unless defense counsel for the insurance company agreed not to remove the case to Federal Court.  *See* Exhibit F.  In the Dallas/Tarrant County area between 2015 and 2017 alone, Eberstein & Witherite has filed essentially the same form petition in 23 lawsuits involving GEICO wherein the adjuster was named but no factual allegations were included.[3]  *See* Exhibit G. Each of these 23 lawsuits involved a claim for uninsured/underinsured motorist benefits and not a single lawsuit contained even an allegation of violations of the Texas Insurance Code. *See* Exhibits G-1 through G-23.  Moreover, in each case, the adjuster was dismissed without litigating any claims against them.  *See* Appendix to Defendants' Notice of Removal for a listing of each lawsuit (App_0027).

36.     The same form petition used in the previous cases (*see* Exhibits G-1 through G-23) was used in this case to sue Childs, the GEICO adjuster who made Plaintiff Braswell a pre-suit offer to settle her claim for uninsured motorist benefits.

37.     The essence of this lawsuit is the Plaintiff's right of recovery under the insurance contract for uninsured motorist coverage. Childs has been improperly joined for the sole purpose of defeating diversity jurisdiction in this court and his citizenship, therefore should be disregarded and he should be dismissed as a matter of law.

38.     Complete diversity of citizenship exists between Plaintiff and Defendant. Furthermore, because Childs was improperly joined in this action, his consent to removal is not

---

[3] Five out of the 23 petitions listed a single factual allegation against the adjuster, however only declaratory relief was sought. *See* Appendix - Exhibit G for detailed information.

required in this case, however Childs consents to this removal. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.1993).

**D.**     **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

39.     Additionally, the claims asserted by Plaintiff exceed $75,000.00.   Plaintiff's Original Petition specifically states that Plaintiffs seek "monetary relief over $100,000 . . . ." *See* Exhibit 1-A.

**IV.**
**VENUE**

40.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the District Court of Dallas County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in that district.

**V.**
**PROCEDURAL REQUIREMENTS**

41.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1 of the U.S. District Court for the Northern District of Texas, the following exhibits are attached and indexed:

> Exhibit 1:     Index of Documents Filed in the State Court Action
>
> Exhibit 2:     Civil Cover Sheet
>
> Exhibit 3:     Supplemental Civil Cover Sheet
>
> Exhibit 4:     Certificate of Interested Parties

42.     This Notice of Removal is being filed within thirty (30) days of service of the citation and the Plaintiff's Original Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiffs and Defendants with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

43.     Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

44.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

45.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 14th Judicial District Court of Dallas County, Texas promptly after filing of same.

46.     Plaintiff has made a jury demand.

## VI.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes Cause Number DC-17-07970, styled *Barbara Braswell v. GEICO Advantage Insurance Company and Harrell Childs,* currently pending in the 14th District Court, Dallas County, Texas to the U.S. District Court for the Northern District of Texas, Dallas Division pursuant to 28 U.S.C. §§1332, 1441 and 1446 to this Court on the 17th day of August 2017 for trial and determination.

Respectfully submitted,

**PERRY LAW P.C.**

By:*/s/ Meloney Perry*
    Meloney Perry
    State Bar No. 00790424
    Stacy Thompson
    State Bar No. 24046971
    Shannon Spizman
    State Bar No. 24086729

    10440 North Central Expressway, Suite 600
    Dallas, Texas  75231
    (214) 265-6201 (Telephone)
    (214) 265-6226 (Facsimile)
    mperry@mperrylaw.com
    sthompson@mperrylaw.com
    sspizman@mperrylaw.com

    **ATTORNEYS FOR DEFENDANT**
    **GEICO ADVANTAGE INSURANCE**
    **COMPANY and HARRELL CHILDS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was served on the following counsel of record on this the 17th day of August 2017 in accordance with the FEDERAL RULES OF CIVIL PROCEDURE:

    ***Via Electronic Service***
    Brandon A. Lavery
    Amy K. Witherite
    EBERSTEIN & WITHERITE, LLP
    10440 N. Central Expressway, Suite 400
    Dallas, Texas 75231
    brandon.lavery@ewlawyers.com
    amy.witherite@ewlawyers.com
    *Attorneys for Plaintiff*

                        */s/ Meloney Perry*
                        Meloney Perry

00058182.DOCX