# EXHIBIT

# 1

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **BARBARA BRASWELL,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.: _____** |
| | § | |
| **GEICO ADVANTAGE INSURANCE** | § | |
| **COMPANY and HARRELL CHILDS,** | § | |
| **Defendants.** | § | |

_____

## INDEX OF DOCUMENTS FILED IN STATE COURT

_____

| | DOCUMENT | DATE |
|---|---|---|
| 1. | Plaintiff's Original Petition (1-A) | 07/05/2017 |
| 2. | Citation for GEICO Advantage Insurance Company (1-B) | 07/10/2017 |
| 3. | Citation for Harrell Childs (1-C) | 07/10/2017 |
| 4. | Return of Service for GEICO Advantage Insurance Company (1-D) | 07/24/2017 |
| 5. | Return of Service for Harrell Childs (1-E) | 07/24/2017 |
| 6. | Notice of Dismissal Hearing (1-F) | 08/10/2017 |
| 7. | GEICO Advantage Insurance Company's Answer to Plaintiff's Original Petition (1-G) | 08/14/2017 |
| 8. | Harrell Childs' Answer to Plaintiff's Original Petition (1-H) | 08/14/2017 |
| 9. | Notice of Filing Notice of Removal (1-I) | 08/17/2017 |
| 10. | Register of Actions for State Court Action (1-J) | N/A |

00058602.DOCX

# EXHIBIT

# 1-A

FILED
DALLAS COUNTY
7/5/2017 1:57 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:17-cv-02188-D   Document 1-1   Filed 08/17/17   Page 4 of 56   PageID 16

2 CT-E-SERVE

Freeney Anita

CAUSE NO. _____

| | | |
|---|---|---|
| BARBARA BRASWELL; | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| GEICO ADVANTAGE INSURANCE | § | |
| COMPANY; AND HARRELL CHILDS; | § | |
| | § | |
| **Defendants.** | § | A-14TH JUDICIAL DISTRICT |

DC-17-07970

## PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS
## TO DEFENDANT

Plaintiff Barbara Braswell files Plaintiff's Original Petition complaining of

Defendants Geico Advantage Insurance Company and Harrell Childs.

### I. DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190

of the TEXAS RULES OF CIVIL PROCEDURE.

### II. RULE 47 PLEADING REQUIREMENTS

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's

counsel states that the damages sought are in an amount within the

jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil

Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over

$100,000, but not more than $200,000.  The amount of monetary relief actually

awarded, however, will ultimately be determined by a jury.  Plaintiff also seeks

pre-judgment and post-judgment interest at the highest legal rate.

## III.  PARTIES

Plaintiff Barbara Braswell is an individual resident of Glenn Heights, Ellis County, Texas. Her driver's license number is *****396 and her social security number is ***-**-*040.

Defendant Geico Advantage Insurance Company is an insurance company licensed to do business in the State of Texas, and said corporation is engaged in writing insurance in Texas.  Defendant Geico Advantage Insurance Company may be served with process by serving its registered agent, Dan Beacom at 2280 North Greenville Avenue, Richardson, Texas 75082.

Defendant Harrell Childs is an individual resident of Dallas, Dallas County, Texas.  Defendant may be served with process at 7714 Texridge Drive, Dallas, Texas 75232.

## IV.  JURISDICTION AND VENUE

The court has jurisdiction over the cause because the amount in controversy is within the jurisdictional limits of the court.

This Court has venue over the parties to this action since the incident complained of herein occurred in Dallas County, Texas. Venue therefore is proper in Dallas County, Texas pursuant to the TEXAS INSURANCE CODE, SEC.1952.110.

## V.  FACTS

This is a suit for contractual benefits due to Plaintiff Barbara Braswell as a result of a motor vehicle collision that occurred on Wednesday, September 21, 2016, on the 1000 Block of South Hampton near 100 East Parkerville Road in

Desoto, Dallas County, Texas.  Plaintiff Barbara Braswell was operating her vehicle northbound in the 1000 block of South Hampton Road.  An uninsured driver, Chester Pickett was operating his vehicle behind Plaintiff's vehicle in the same lane and headed in the same direction.  Defendant Chester Pickett failed to slow and/or stop, colliding hard with the back of Plaintiff's vehicle causing Plaintiff's vehicle to veer into the southbound traffic colliding hard with an oncoming vehicle driven by Beverly Hines.  As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

## VI.  CAUSES OF ACTION

## A.    NEGLIGENCE – CHESTER PICKETT

At the time in question, Barbara Braswell was acting in a reasonable and prudent manner when Chester Pickett, an uninsured motorist, committed a number of acts of negligence during the operation and use of a motor vehicle, which served as a proximate cause of the motor vehicle collision and injuries complained of herein.  Chester Pickett's acts of negligence were as follows:

a.   Chester Pickett failed to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b.   Chester Pickett failed to control the speed of his vehicle;

c.   Chester Pickett failed to keep an assured safe distance from Plaintiff's vehicle;

d.   Chester Pickett failed to timely apply the brakes of his vehicle in order to avoid the collision in question; and

e.   Chester Pickett failed to turn his vehicle in an effort to avoid the collision.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

## B.   DECLARATORY JUDGMENT ACTION AGAINST DEFENDANT GEICO ADVANTAGE INSURANCE COMPANY AND HARRELL CHILDS

Plaintiff asserts that all conditions precedent to the bringing of these causes of action have been performed or have occurred prior to the filing of the causes of action at bar.

At all relevant times, Plaintiff was insured under an automobile insurance policy with Defendant Geico Advantage Insurance Company, Policy No. 4294-09-54-86, which insured Plaintiff in the event she was damaged or injured by the negligence of an uninsured motorist.  Plaintiff has complied with all the terms and conditions of the policy prior to bringing this action.  Plaintiff would show that at the time of trial of this matter she will offer into evidence a copy of said policy, unless the original of the same is produced by Defendant Geico Advantage Insurance Company, at said trial.  In this regard, Plaintiff would show that Chester Pickett was in fact an uninsured motorist as defined by law and the policy in question.

Plaintiff presented her claim for uninsured motorist benefits under the contract of insurance with Geico Advantage Insurance Company.  Plaintiff pleads that all conditions precedent to filing suit have been complied with, including the statutory notice provision.

Plaintiff asserts her claim under Texas Civil Practice and Remedies Code

37.001, *et seq.* to have their rights, status, and other legal relationships under the Insurance Policy they purchased from Defendant Geico Advantage Insurance Company established by a court of competent jurisdiction.  Plaintiff seeks a declaration from the Court that:

    A.    The negligence of Chester Pickett in that automobile wreck was the proximate cause of bodily injuries and damages to Plaintiff, which injuries include the following:

        1.    Reasonable and necessary past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

        2.    Reasonable and necessary future medical expenses;

        3.    Reasonable and necessary physical pain and suffering in the past and future in an amount to be determined by the jury;

        4.    Reasonable and necessary mental anguish in the past and future in an amount to be determined by the jury; and

        5.    Reasonable and necessary physical impairment in the past and future in an amount to be determined by the jury.

    B.    Plaintiff's claim for uninsured motorist benefits under Policy Number 4294-09-54-86, (hereafter the "Insurance Policy") as a result of a car wreck that occurred on September 21, 2016, is covered under the Insurance Policy.

    C.    Plaintiff also seeks a declaration determining the amount of uninsured motorist benefits she is are entitled to recover from Defendant Geico Advantage Insurance Company after all applicable set-offs and credits, for each of the following elements of damages covered under the Insurance Policy:

1.      Reasonable and necessary past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

2.      Reasonable and necessary future medical expenses;

3.      Reasonable and necessary physical pain and suffering in the past and future in an amount to be determined by the jury;

4.      Reasonable and necessary mental anguish in the past and future in an amount to be determined by the jury; and

5.      Reasonable and necessary physical impairment in the past and future in an amount to be determined by the jury.

Pursuant to §37.009 of the Texas Civil Practice and Remedies Code, Plaintiff seeks all costs and reasonable and necessary attorneys' fees, as are equitable and just, which are incurred or which may be incurred in this matter including all such fees and expenses:

a.      For preparation and trial;

b.      For an appeal to the Court of Appeals;

c.      For making or responding to an application for writ of error to the Supreme Court of Texas; and

d.      If application for writ of error is granted by the Supreme Court of Texas.

Plaintiff now asks the Court, pursuant to the Texas Declaratory Judgments Act §37.001 *et. seq.*, for a declaration that her injuries and damages fall within the coverage of the Insurance Policy issued by Defendant Geico Advantage Insurance Company and for a declaration of their rights to such benefits and judgment against Defendants Geico Advantage Insurance Company and Harrell Childs.

## VII.  DECLARATORY RELIEF

Plaintiff asserts claims under Texas Civil Practice and Remedies Code 37.001, *et seq.* to have her rights, status, and other legal relationships under the Insurance Policy she purchased from Defendant Geico Advantage Insurance Company, established by a court of competent jurisdiction.  Plaintiff seeks a declaration from the Court that:

A.     The negligence of Chester Pickett in that automobile wreck was the proximate cause of bodily injuries and damages to Plaintiff, which injuries include the following:

      1.     Reasonable and necessary health care expenses incurred in the past;

      2.     Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

      3.     Physical pain and suffering in the past;

      4.     Physical pain and suffering which, in all reasonable probability, will be endured in the future;

      5.     Mental anguish suffered in the past;

      6.     Mental anguish which, in all reasonable probability, will be suffered in the future;

      7.     Physical impairment suffered in the past; and

      8.     Physical impairment which, in all reasonable probability, will be suffered in the future.

B.     Plaintiff's claim for uninsured motorist benefits under Policy No. 4294-09-54-86, (hereafter the "Insurance Policy") as a result of a car wreck that occurred on September 21, 2016, is covered under the Insurance Policy;

C.      Plaintiff also seeks a declaration determining the amount of uninsured motorist benefits that she is entitled to recover from Defendant Geico Advantage Insurance Company, after all applicable set-offs and credits, for each of the following elements of damages covered under the Insurance Policy:

1.      Reasonable and necessary health care expenses incurred in the past;

2.      Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

3.      Physical pain and suffering in the past;

4.      Physical pain and suffering which, in all reasonable probability, will be endured in the future;

5.      Mental anguish suffered in the past;

6.      Mental anguish which, in all reasonable probability, will be suffered in the future;

7.      Physical impairment suffered in the past; and

8.      Physical impairment which, in all reasonable probability, will be suffered in the future.

Pursuant to §37.009 of the Texas Civil Practice and Remedies Code, Plaintiff seeks all costs and reasonable and necessary attorneys' fees, as are equitable and just, which are incurred or which may be incurred in this matter including all such fees and expenses:

a.      For preparation and trial;

b.      For an appeal to the Court of Appeals;

c.      For making or responding to an application for writ of error to the Supreme Court of Texas; and

d.      If application for writ of error is granted by the Supreme Court

of Texas.

Plaintiff now asks the Court, pursuant to the Texas Declaratory Judgments Act §37.001 *et. seq.*, for a declaration that her injuries and damages fall within the coverage of the Insurance Policy issued by Defendant Geico Advantage Insurance Company and for a declaration of her rights to such benefits and judgment against Defendant.

## VIII.  DAMAGES

Plaintiff alleges that as a direct and proximate result of the conduct and negligent acts and omissions of the uninsured motorist, Plaintiff is entitled to recover at least the following damages from Defendant Geico Advantage Insurance Company:

   a.    Reasonable and necessary health care expenses incurred in the past;

   b.    Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

   c.    Physical pain and suffering in the past;

   d.    Physical pain and suffering which, in all reasonable probability, will be endured in the future;

   e.    Mental anguish suffered in the past;

   f.    Mental anguish which, in all reasonable probability, will be suffered in the future;

   g.    Physical impairment suffered in the past; and

   h.    Physical impairment which, in all reasonable probability, will be suffered in the future.

## IX.  ATTORNEYS' FEES

Because of the conduct of Defendant, Plaintiff has been forced to engage the services of an attorney to prosecute this action.  Plaintiff is entitled to recover a reasonable sum for the necessary services of the attorneys in the preparation and trial of this action and for any appeals to the court of appeals or the Texas Supreme Court.  Therefore, an award of reasonable attorneys' fees is authorized by §37.009 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

## X.  INTEREST

Plaintiff is also entitled to pre-judgment and post-judgment interest and costs of Court as allowed by law.

## XI.  U.S. LIFE TABLES

Notice is hereby given to the Defendant that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XII.  JURY TRIAL

Plaintiff demands a trial by jury and includes the appropriate jury fees.

## XIII.  REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE the Defendant Geico Advantage Insurance Company is requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a)-(l).

## XIV.  DISCOVERY DOCUMENTS

Contemporaneously with this petition, Plaintiff serves to Defendant Geico Advantage Insurance Company Plaintiff's First Set of Interrogatories, First

Request for Admissions, and First Request for Production to Defendant Geico

Advantage Insurance Company.

## XV.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that

Defendants be cited to appear and answer herein, and that upon final hearing

thereof, Plaintiff recover judgment against Defendants for:

1.  Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

2.  Plaintiff's future medical expenses;

4.  Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

5.  Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

6.  Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

7.  Interest on the judgment at the legal rate from the date of judgment;

8.  Pre-judgment interest on Plaintiff's damages as allowed by law;

9.  All costs of court; and

10.  Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**EBERSTEIN & WITHERITE, LLP**

BY: /s/ *Brandon A. Lavery*
    **BRANDON A. LAVERY**
    State Bar No. 24076500
    brandon.lavery@ewlawyers.com
    **AMY K. WITHERITE**
    State Bar No. 00788698
    amy.witherite@ewlawyers.com
    10440 N. Central Expressway
    Suite 400
    Dallas, TX 75231-2228
    214/378-6665
    214/378-6670 (fax)

    **ATTORNEYS FOR PLAINTIFF**

# EXHIBIT
# 1-B

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

To:

**GEICO ADVANTAGE INSURANCE COMPANY**
**BY SERVING ITS REGISTERED AGENT DAN BEACOM**
**2280 NORTH GREENVILLE AVENUE**
**RICHARDSON TX  75082**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **BARBARA BRASWELL**

Filed in said Court  **5th day of July, 2017** against

**GEICO ADVANTAGE INSURANCE COMPANY AND HARRELL CHILDS**

For Suit, said suit being numbered <u>**DC-17-07970,**</u> the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE, FIRST REQUESTS FOR ADMISSIONS AND PRODUCTION, AND FIRST SET OF INTERROGATORIES**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of July, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas

By_____/s/ Kerry Kallie_____, Deputy
                    KERRY KALLIE

---

**ESERVE**

**CITATION**

**DC-17-07970**

**BARBARA BRASWELL**
vs.
**GEICO ADVANTAGE INSURANCE COMPANY, et al**

ISSUED THIS
**10th day of July, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  KERRY KALLIE, Deputy
_____

**Attorney for Plaintiff**
BRANDON LAVERY
BRANDON.LAVERY@EWLAWYERS.COM
10440 N CENTRAL EXPRESSWAY
SUITE 400
DALLAS TX  75231
214-378-6665

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-17-07970

Court No.14th District Court

Style: BARBARA BRASWELL

 vs.

GEICO ADVANTAGE INSURANCE COMPANY, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# EXHIBIT 1-C

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

To:

**HARRELL CHILDS**
**7714 TEXRIDGE DRIVE**
**DALLAS TX   75232**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **BARBARA BRASWELL**

Filed in said Court  **5th day of July, 2017** against

**GEICO ADVANTAGE INSURANCE COMPANY AND HARRELL CHILDS**

For Suit, said suit being numbered **DC-17-07970,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE, FIRST REQUESTS FOR ADMISSIONS AND PRODUCTION, AND FIRST SET OF INTERROGATORIES**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of July, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

/s/ Kerry Kallie
By_____, Deputy
          KERRY KALLIE

---

**ESERVE**

**CITATION**

**DC-17-07970**

**BARBARA BRASWELL**
**vs.**
**GEICO ADVANTAGE INSURANCE**
**COMPANY, et al**

ISSUED THIS
**10th day of July, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  KERRY KALLIE, Deputy
_____

**Attorney for Plaintiff**
BRANDON LAVERY
BRANDON.LAVERY@EWLAWYERS.COM
10440 N CENTRAL EXPRESSWAY
SUITE 400
DALLAS TX  75231
214-378-6665

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-17-07970

Court No.14th District Court

Style: BARBARA BRASWELL

 vs.

GEICO ADVANTAGE INSURANCE COMPANY, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# EXHIBIT

# 1-D

FILED
DALLAS COUNTY
7/24/2017 3:19 PM
FELICIA PITRE
DISTRICT CLERK

## Cause No. DC-17-07970

BARBARA BRASWELL;
    Plaintiff,

VS.

GEICO ADVANTAGE INSURANCE
COMPANY, et al,
    Defendants.

IN THE DISTRICT COURT

14th JUDICIAL DISTRICT

DALLAS COUNTY, TEXAS

## RETURN OF SERVICE

Came to hand on the _18_ day of _July_, 2017 at _12_ p.m. and executed at _2280 N Greenville_ _____ _Richardson_ _TX_ _75082_ ,
    (Address)        (Apt#)      (City)   (State)  (Zip Code)

within the county of _Dallas_ on the _21_ day of _July_, 2017 at _1:28_ p.m. by delivering to **GEICO Advantage Insurance Company, by delivering to Its Registered Agent, Dan Beacom,** accepted by _Laura Hernandez_ in person, a true copy of the Citation together with a true and correct copy of the Plaintiff's Original Petition, Request for Disclosure, First Set of Interrogatories, First Request for Admissions, First Request for Production, and Request for Privilege Log to Defendant filed in this cause, having first endorsed thereupon the date of delivery.

By: _____
        Private Process Server

SCH# _11548_ Expires: _7/31/18_

## VERIFICATION

    .BEFORE ME, a Notary Public, on this day personally appeared _Allison Katz_ known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct and that he is not a party to this lawsuit and has no interest in the outcome. Given under my hand and seal of office this _21st_ day of _July_, 2017.

_____
Notary Public, State of Texas

LARA BURBACK
Notary Public, State of Texas
Comm. Expires 04-20-2021
Notary ID 131097560

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

**To:**
    **GEICO ADVANTAGE INSURANCE COMPANY**
    **BY SERVING ITS REGISTERED AGENT DAN BEACOM**
    **2280 NORTH GREENVILLE AVENUE**
    **RICHARDSON TX  75082**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **BARBARA BRASWELL**

Filed in said Court  **5th day of July, 2017** against

**GEICO ADVANTAGE INSURANCE COMPANY AND HARRELL CHILDS**

For Suit, said suit being numbered **DC-17-07970,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE, FIRST REQUESTS FOR ADMISSIONS AND PRODUCTION, AND FIRST SET OF INTERROGATORIES,** a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of July, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

        By _____ /s/ Kerry Kallie _____ , Deputy
               KERRY KALLIE

---

**ESERVE**

**CITATION**

**DC-17-07970**

**BARBARA BRASWELL**
vs.
**GEICO ADVANTAGE INSURANCE COMPANY, et al**

ISSUED THIS
10th day of July, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  KERRY KALLIE, Deputy

---

**Attorney for Plaintiff**
**BRANDON LAVERY**
BRANDON.LAVERY@EWLAWYERS.COM
10440 N CENTRAL EXPRESSWAY
SUITE 400
DALLAS TX  75231
214-378-6665

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-17-07970

Court No.14th District Court

Style: BARBARA BRASWELL

vs.

GEICO ADVANTAGE INSURANCE COMPANY, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

### INTEROFFICE MEMORANDUM

**TO:**          HUMAN RESOURCES
**FROM:**       DAN BEACOM
**SUBJECT:**    AUTHORIZATION TO RECEIVE LEGAL DOCUMENTS
**DATE:**       11/01/2016

This memorandum is to give Laura Hernandez authority to receive documents for Dan Beacom, Regional Vice President, in his absence.

Sincerely,

Dan Beacom
Regional Vice President

# EXHIBIT
# 1-E

FILED
DALLAS COUNTY
7/24/2017 3:19 PM
FELICIA PITRE
DISTRICT CLERK

## Cause No. DC-17-07970

| | |
|---|---|
| **BARBARA BRASWELL;** | **IN THE DISTRICT COURT** |
| **Plaintiff,** | |
| | |
| **VS.** | **14th JUDICIAL DISTRICT** |
| | |
| **GEICO ADVANTAGE INSURANCE** | **DALLAS COUNTY, TEXAS** |
| **COMPANY, et al,** | |
| **Defendants.** | |

## RETURN OF SERVICE

Came to hand on the ___18___ day of ___July___, 2017 at ___12___ p.m. and executed at ___2280 N. Greenville_____ ___Richardson___ ___TX___ ___75082___,
       (Address)                                    (Apt#)          (City)          (State)      (Zip Code)
within the county of ___Dallas___ on the ___21___ day of ___July___, 2017 at ___1:30___ p.m. by delivering to **HARRELL CHILDS**, in person, a true copy of the Citation together with a true and correct copy of the Plaintiff's Original Petition, and Request for Disclosure, filed in this cause, having first endorsed thereupon the date of delivery.

By: _____

Private Process Server

SCH# ___11548___   Expires: ___7/31/18___

## VERIFICATION

BEFORE ME, a Notary Public, on this day personally appeared ___Allison Katz___ known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct and that he is not a party to this lawsuit and has no interest in the outcome. Given under my hand and seal of office this ___21st___ day of ___July___, 2017.

Notary Public, State of Texas



LARA BURBACK
Notary Public, State of Texas
Comm. Expires 04-20-2021
Notary ID 131097560

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**

**HARRELL CHILDS**
**7714 TEXRIDGE DRIVE**
**DALLAS TX  75232**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **BARBARA BRASWELL**

Filed in said Court  **5th day of July, 2017** against

**GEICO ADVANTAGE INSURANCE COMPANY AND HARRELL CHILDS**

For Suit, said suit being numbered **DC-17-07970,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE, FIRST REQUESTS FOR ADMISSIONS AND PRODUCTION, AND FIRST SET OF INTERROGATORIES,** a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of July, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
    /s/ Kerry Kallie
    KERRY KALLIE

---

**ESERVE**

**CITATION**

DC-17-07970

**BARBARA BRASWELL**
**vs.**
**GEICO ADVANTAGE INSURANCE**
**COMPANY, et al**

ISSUED THIS
10th day of July, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  KERRY KALLIE, Deputy

**Attorney for Plaintiff**
**BRANDON LAVERY**
BRANDON.LAVERY@EWLAWYERS.COM
10440 N CENTRAL EXPRESSWAY
SUITE 400
DALLAS TX  75231
214-378-6665

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-17-07970

Court No.14th District Court

Style: BARBARA BRASWELL

vs.

GEICO ADVANTAGE INSURANCE COMPANY, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# EXHIBIT

# 1-F

14TH JUDICIAL DISTRICT COURT
GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

August 10, 2017

FILE COPY

DC-17-07970
BARBARA BRASWELL  vs.  GEICO ADVANTAGE INSURANCE COMPANY, et al

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of Civil procedure and pursuant to the inherent power of the Court, on:

**September 15, 2017** at **11:00 AM**

If no answer has been filed you are expected to have moved for a default judgment on or prior to that date. Your failure to have done so will result in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain the case on the docket, you must appear on the above date, unless you have obtained a new setting from the court coordinator.

Sincerely,

ERIC V. MOYÉ, DISTRICT JUDGE
14TH DISTRICT COURT
Dallas County, Texas

Cc:
 BRANDON LAVERY
 10440 N CENTRAL
 EXPRESSWAY
 SUITE 400
 DALLAS TX 75231

# EXHIBIT

# 1-G

FILED
DALLAS COUNTY
8/14/2017 9:24 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:17-cv-02188-D   Document 1-1   Filed 08/17/17   Page 34 of 56   PageID 46

### CAUSE NO. DC-17-07970

| | | |
|---|---|---|
| **BARBARA BRASWELL,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **14TH JUDICIAL DISTRICT** |
| | § | |
| **GEICO ADVANTAGE INSURANCE** | § | |
| **COMPANY and HARRELL CHILDS,** | § | |
| *Defendants.* | § | **DALLAS COUNTY, TEXAS** |

### DEFENDANT GEICO ADVANTAGE INSURANCE COMPANY'S SPECIAL EXCEPTIONS AND VERIFIED ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW Defendant GEICO Advantage Insurance Company ("hereinafter "GEICO"), and hereby files its Special Exceptions and Verified Original Answer to Plaintiff Barbara Braswell's ("Plaintiff") Original Petition and would respectfully show the Court as follows:

### A.
### SPECIAL EXCEPTIONS

1.      GEICO specially excepts to Section VI(B), all subsections, and Section VII of Plaintiff's Original Petition ("Petition") in seeking declaratory relief under the Texas Declaratory Judgments Act ("Act"), TEX. CIV. PRAC. & REM. CODE §§ 37.001–.011.  Plaintiff is attempting under the Act, to obtain a judgment "declaring," among other things, the amount of damages that Plaintiff purportedly sustained as a result of the motor vehicle collision that is the subject of this suit; and that Plaintiff is "entitled to recover" the limits of Uninsured Motorist ("UM") coverage under her policy.  *See* Petition at Sections VI(B)-VII.  In other words, Plaintiff is attempting to use the Act to have the Court determine her entitlement to recovery against the alleged tortfeasor and

the amount of her damages, which are fact issues to be determined by a jury, as demanded by Plaintiff and Defendant.

However, Texas law mandates that, where UM/UIM coverage is in issue, the tortfeasor's liability and the plaintiff's damages must be first judicially determined, using tort law principles, before there is any contractual obligation by the plaintiff's insurer to pay UM/UIM benefits. *See Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006) (stating "The UIM contract is unique because, according to its terms, benefits are conditioned upon the insured's legal entitlement to receive damages from a third party. Unlike many first-party insurance contracts, in which the policy alone dictates coverage, UM insurance utilizes tort law to determine coverage. Consequently, the insurer's contractual obligation to pay benefits does not arise until liability and damages are determined.").

The United States Supreme Court states the right to a jury trial is a constitutional right. *Beacon Theatres, Inc. v. Westover,* 399 U.S. 500, 505 (1959). "The Declaratory Judgment Act Preserves the right to jury trial for both parties. If defendant would have been entitled to jury trial…in suit against plaintiff, it could not be deprived of that merely because plaintiff took advantage of declaratory relief to sue defendant…"[1] *Id.* Plaintiff demands a jury, conceding there is a controversy as to these fact questions; thus, the questions should be left to the jury to decide. A declaratory judgment is not appropriate for factual disputes. TEX. CIV. PRAC. & REM. CODE ANN. §37.007; *Indian Beach Prop. Owners' Ass'n v. Linden*, 222 S.W.3d 682, 700 (Tex.App.—Houston [1st Dist.] 2007, no pet.).

---

[1] The Texas Declaratory Judgments Act has the same jury trial section as the Federal Declaratory judgments act. CIV. PRAC. & REM. CODE ANN. § 37.007, "if a proceeding under this chapter involves the determination of an issue of fact, the issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending."

Therefore, Plaintiff's Petition fails to properly assert a claim under the Texas Declaratory Judgments Act.  Accordingly, Defendant GEICO's special exceptions should be sustained and Plaintiff should be ordered to replead within a reasonable time, or have the claim dismissed in its entirety.

2.      GEICO also specially excepts and objects to Section IX of Plaintiff's Original Petition. The Texas Supreme Court has made it clear that an insured cannot "seek attorney's fees until, at the earliest, thirty days after the trial court render[s] judgment—assuming that the [insurer] refuse[s] to pay the amount due under the UIM contract." The insurer has no duty to pay UM benefits until Plaintiff establishes they are legally entitled to damages;

> [t]herefore, the insurer has the right to make the plaintiff meet the liability and damages prerequisites to UIM recovery, through litigation or otherwise. Consequently, requiring an insurer to pay attorney fees for exercising its right to require the plaintiff to establish its entitlement to recovery of UIM benefits under the policy would be inequitable and unjust…

*Allstate Ins. Co. v. Jordan*, 503 S.W.3d 450, 456–57 (Tex. App.—Texarkana 2016, no pet.).

*Jordan* examined when a Plaintiff also attempted to recover attorneys' fees under a declaratory action. *Id.*  If a Plaintiff cannot recover under chapter 38, which governs attorney's fees under a written contract until payment has been refused and it has been more than 30 days since presentment, "then allowing recovery of attorney fees in UIM cases under the UDJA would create a special category of contract cases where attorney's fees would be recoverable prior to presentment." *Id.* at 457.  The Texas Supreme Court made it clear that a declaratory action claim cannot be used as a vehicle for a party to obtain otherwise impermissible attorney's fees. *Id.* (citing *MBM Fin. Corp. v. Woodlands Operating Co, L.P.*, 292 S.W.3d 660, 669 (Tex. 2009)).

In her Petition, Plaintiff claims "[b]ecause of the conduct of Defendant, Plaintiff has been forced to engage the services of an attorney to prosecute this action. Plaintiff is entitled to recover a reasonable sum for the necessary services of the attorneys in the preparation and trial of this

action and for any appeals to the court of appeals or the Texas Supreme Court. Therefore, an award of reasonable attorneys' fees is authorized by §37.009 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE."

As the Texas Court of Appeals stated, if a party cannot recover attorneys' fees under Chapter 38, they cannot create their own special category under Chapter 37 to recover attorney's fees. *Allstate Ins. Co. v. Jordan,* 503 S.W.3d at 456–57. Plaintiff cannot receive attorneys' fees until she establishes her right to UM benefits and 30 days has elapsed without payment from GEICO. She cannot recover fees simply for choosing to obtain counsel when an insurer exercises its rights under the Texas Insurance Code. As the Texas Court of Appeals stated, "requiring an insurer to pay attorney fees for exercising its right to require plaintiff to establish its entitlement to recovery of UIM benefits under the policy would be inequitable and unjust." *Id.*

Plaintiff's Petition asserts a claim for attorney's fees which is not recoverable under Texas law. Accordingly, Defendant GEICO's special exceptions should be sustained and Plaintiff should be ordered to amend her pleading within a reasonable time, or have her claim for attorney's fees dismissed in its entirety.

## B.
## GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Defendant GEICO generally denies each and every material allegation in Plaintiff's Original Petition and demands strict proof thereof.

## C.
## VERIFIED DENIALS

1.    GEICO denies that Plaintiff has performed all conditions precedent necessary to bring a claim against it in this action or that all conditions precedent to an automobile insurance policy affording coverage have been performed or have occurred. Plaintiff has not established that

she is "legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by an accident," which would be a condition precedent to GEICO's duty to pay UM.

2.      GEICO would be entitled to an offset or credit in the amounts of the liability insurance amount of any tortfeasor who was responsible for the accident made the basis of this suit and Plaintiff's alleged injuries and damages, an offset or credit for any other UM policy of insurance issued by any other insurer(s) to Plaintiff, and an offset or credit for any other money paid to or on behalf of Plaintiff for any medical payment, benefit payments, or personal injury protection benefit payments.

**D.**
**AFFIRMATIVE DEFENSES AND SPECIFIC DENIALS**

Pursuant to TEX. R. CIV. P. 94, GEICO raises the following affirmative defenses:

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Plaintiff has stated one or more claims that have no basis in law or fact.

3.      Plaintiff's claims are barred for failing to mitigate damages.

4.      Plaintiff's claims are barred because Plaintiff has not suffered any injury or damage as a result of any acts or omissions alleged of GEICO.

5.      Plaintiff's claims are barred by the doctrine of release.

6.       GEICO denies that Plaintiff is entitled to any attorneys' fees because the requisites for the recovery of such fees have not been met.

7.      GEICO would show that the negligence of the Plaintiff and/or one or more third parties was/were the sole, or a partial, proximate cause of the accident and the injuries and damages alleged.  Pursuant to Chapters 32 and 33, TEXAS CIVIL PRACTICE AND REMEDIES CODE, GEICO invokes the doctrine of comparative responsibility and would show that it is entitled to have an

issue submitted to the jury on the comparative responsibility of Plaintiff and/or any other third party who/which caused, contributed or was responsible for the accident and/or his alleged injuries and damages.

8.      Any claim by Plaintiff for lost wages in the past or lost wage earning capacity in the future is limited by the provisions of TEX. CIV. PRAC. & REM. CODE ANN. § 18.091.

9.      Plaintiff's claims are barred by the doctrine of accord and satisfaction.

10.     Any claim by Plaintiff for punitive or exemplary damages is barred because GEICO did not act intentionally, wantonly, fraudulently, or maliciously.

11.     Plaintiff is not entitled to the recovery of punitive or exemplary damages, if at all, beyond the limitations set forth in TEXAS CIVIL PRACTICE AND REMEDIES CODE.

12.     Plaintiff is not entitled to the recovery of punitive or exemplary damages to the extent such award would deprive GEICO of property and rights without due process of law and would constitute an excessive and unreasonable fine or penalty prohibited by the Texas and U.S. Constitutions.

13.     Plaintiff's claims are barred for failure to comply with all conditions precedent.

Plaintiff has failed to set out her claims with sufficient particularity to enable GEICO to determine all applicable affirmative defenses.  Defendant GEICO therefore reserves its right to assert any additional affirmative defenses that may be applicable, to withdraw any affirmative defenses that are inapplicable, and to more specifically assert affirmative defenses once the precise nature of the claims are ascertained.

### E.
### PAID MEDICAL DAMAGES LIMITATION

Defendant GEICO asserts that Plaintiff's medical or health care damages, if any, caused by the accident at issue are limited to the amounts, if any, actually paid by or on behalf of Plaintiff,

including payments made by health insurers. In accordance with TEX. CIV. PRAC. & REM. CODE ANN. § 41.0105, as interpreted by the Texas Supreme Court in *Haygood v. De Escabedo*, 356 S.W.3d 390 (Tex. 2011), recovery by Plaintiff for past medical or health care expenses, if any, incurred due to the accident identified in Plaintiff's pleadings is limited to amount(s) actually paid or incurred by or on behalf of the Plaintiff including amounts actually owed by Plaintiff.

## F.
## PRE-JUDGMENT INTEREST

Defendant GEICO asserts the limitations for pre-judgment interest, if any that may be recoverable in this matter, as set forth in the TEXAS FINANCE CODE. GEICO specifically states that it is relying on the following statutes, including but not limited to: TEX. FIN. CODE ANN. §§ 304.104; 304.105; 304.1045. Defendant GEICO reserves the right to supplement these citations should others be determined to be applicable at a later date.

## G.
## NOTICE THAT DOCUMENTS WILL BE USED

In accordance with TEX. R. CIV. P. 193.7, Defendant GEICO hereby gives notice to all parties that GEICO intends to use at trial or at any pre-trial proceedings all documents produced by Plaintiff and Defendants in response to discovery from any and all parties in this cause.

## H.
## JURY DEMAND

Pursuant to TEX. R. CIV. P. 216, Defendant GEICO demands a jury trial. The appropriate jury fee has been or will be paid.

## I.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant GEICO prays that Plaintiff takes nothing by her suit, that GEICO recover its reasonable costs of court, and for such other and further

relief both general and special, whether at law or in equity, to which GEICO may show itself justly entitled.

Respectfully submitted,

**PERRY LAW P.C.**

By:*/s/ Meloney Perry*
     Meloney Perry
     State Bar No. 00790424
     Stacy Thompson
     State Bar No. 24046971
     Shannon Spizman
     State Bar No. 24086729

     10440 North Central Expressway, Suite 600
     Dallas, Texas  75231
     (214) 265-6201 (Telephone)
     (214) 265-6226 (Facsimile)
     sthompson@mperrylaw.com
     mperry@mperrylaw.com
     sspizman@mperrylaw.com

     **ATTORNEYS FOR DEFENDANT**
     **GEICO ADVANTAGE INSURANCE**
     **COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was served on the following counsel of record on this the 14th day of August 2017 in accordance with the TEXAS RULES OF CIVIL PROCEDURE:

***<u>Via Electronic Service</u>***
Brandon A. Lavery
Amy K. Witherite
EBERSTEIN & WITHERITE, LLP
10440 N. Central Expressway, Suite 400
Dallas, Texas 75231
brandon.lavery@ewlawyers.com
amy.witherite@ewlawyers.com
***Attorneys for Plaintiff***

*/s/ Meloney Perry*
Meloney Perry

00058300.DOCX

CAUSE NO. DC-17-07970

| | | |
|---|---|---|
| **BARBARA BRASWELL,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **14TH JUDICIAL DISTRICT** |
| | § | |
| **GEICO ADVANTAGE INSURANCE** | § | |
| **COMPANY and HARRELL CHILDS,** | § | |
| *Defendants.* | § | **DALLAS COUNTY, TEXAS** |

## VERIFICATION

STATE OF TEXAS

COUNTY OF DALLAS

On this date, Celia Stefl, personally appeared before me, the undersigned Notary Public, and after being duly sworn stated under oath that she is an authorized agent for GEICO Advantage Insurance Company; that she has read the above Special Exceptions and Verified Original Answer to Plaintiff's Original Petition; and that every statement contained in Section C Verified Denials are within her personal knowledge and are true and correct.



_____
Celia Stefl

SUBSCRIBED AND SWORN TO BEFORE ME on the 14th day of August 2017.

KIRSTEN LYNN SMITH
Notary Public, State of Texas
Comm. Expires 11-01-2018
Notary ID 11357355

_____
Notary Public in and for the State of Texas

My Commission Expires:

11/1/2018

00058161.DOCX

# EXHIBIT
# 1-H

FILED
DALLAS COUNTY
8/14/2017 9:26 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:17-cv-02188-D   Document 1-1   Filed 08/17/17   Page 45 of 56   PageID 57

CAUSE NO. DC-17-07970

| | | |
|---|---|---|
| BARBARA BRASWELL, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 14TH JUDICIAL DISTRICT |
| | § | |
| GEICO ADVANTAGE INSURANCE | § | |
| COMPANY and HARRELL CHILDS, | § | |
| *Defendants.* | § | DALLAS COUNTY, TEXAS |

**DEFENDANT HARRELL CHILDS' SPECIAL EXCEPTIONS AND ORIGINAL
ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE COURT:

COMES NOW Defendant Harrell Childs ("Defendant" or "Childs") and files his Special Exceptions and Answer to Plaintiff Barbara Braswell's ("Plaintiff") Original Petition and would respectfully show the Court as follows:

**A.
SPECIAL EXCEPTIONS**

Childs specially excepts and objects to Plaintiff's Petition.  Although Plaintiff asserts a declaratory judgment action against Childs, Plaintiff has failed to allege any facts regarding any alleged wrongdoing by Childs.  Plaintiff is attempting under the Act, to obtain a judgment "declaring," among other things, the amount of damages that Plaintiff purportedly sustained as a result of the motor vehicle collision that is the subject of this suit; and that Plaintiff is "entitled to recover" the limits of Uninsured Motorist ("UM") coverage under an insurance policy issued by GEICO Advantage Insurance Company.  *See* Petition at Sections VI(B)-VII.  In other words, Plaintiff is asking the Court to determine her entitlement to recovery against the alleged tortfeasor and the amount of her damages despite.  However, Defendant Childs is not a party to any contract with the Plaintiff, he is an adjuster employed by GEICO Advantage Insurance Company.

Plaintiff's Petition seeks a declaration of Plaintiff's rights under a contract to which Childs is not a party and details no facts against Childs.  Accordingly, Defendant Childs' special exceptions should be sustained and Plaintiff should be ordered to amend her pleading within a reasonable time, or have her claim against Childs dismissed in its entirety.

## B.
## GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Defendant Childs generally denies each and every material allegation in Plaintiff's Original Petition and demands strict proof thereof.

## C.
## AFFIRMATIVE DEFENSES AND SPECIFIC DENIALS

Pursuant to TEX. R. CIV. P. 94, Defendant Childs raises the following affirmative defenses:

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Plaintiff has stated one or more claims that have no basis in law or fact.

3.      Plaintiff's claims are barred for failing to mitigate damages.

4.      Plaintiff's claims are barred because Plaintiff has not suffered any injury or damage as a result of any acts or omissions alleged of Defendant.

5.      Any claim by Plaintiff for lost wages in the past or lost wage earning capacity in the future is limited by the provisions of TEX. CIV. PRAC. & REM. CODE § 18.091.

6.      Defendant would show he is not responsible for Plaintiff's medical conditions and damages, if any, which existed before this accident and/or Plaintiff's medical conditions and damages, if any, which were not proximately caused by this accident.

7.      Any claim by Plaintiff for punitive or exemplary damages is barred because Defendant did not act intentionally, wantonly, fraudulently, or maliciously.

8.      Plaintiff is not entitled to the recovery of punitive or exemplary damages, if at all, beyond the limitations set forth in the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

9.      Plaintiff is not entitled to the recovery of punitive or exemplary damages to the extent such award would deprive Defendant of property and rights without due process of law and would constitute an excessive and unreasonable fine or penalty prohibited by the Texas and U.S. Constitutions.

Plaintiff has failed to set out her claims with sufficient particularity to enable Defendant to determine all applicable affirmative defenses.  Defendant therefore reserves his right to assert any additional affirmative defenses that may be applicable, to withdraw any affirmative defenses that are inapplicable, and to more specifically assert affirmative defenses once the precise nature of the claims are ascertained.

## D.
## PAID MEDICAL DAMAGES LIMITATION

Defendant asserts that Plaintiff's medical or health care damages, if any, caused by the accident at issue are limited to the amounts, if any, actually paid by or on behalf of Plaintiff, including payments made by health insurers. In accordance with TEX. CIV. PRAC. & REM. CODE § 41.0105, as interpreted by the Texas Supreme Court in *Haygood v. De Escabedo*, 356 S.W.3d 390 (Tex. 2011), recovery by Plaintiff for past medical or health care expenses, if any, incurred due to the accident identified in Plaintiff's pleadings is limited to amount(s) actually paid or incurred by or on behalf of the Plaintiff, including amounts actually owed by Plaintiff.

## E.
## PRE-JUDGMENT INTEREST

Defendant asserts the limitations for pre-judgment interest, if any that may be recoverable in this matter, as set forth in the TEXAS FINANCE CODE.  Defendant specifically states that he is

relying on the following statutes, including but not limited to:  TEX. FIN. CODE §§ 304.104; 304.105; and 304.1045.  Defendant reserves the right to supplement these citations should others be determined to be applicable at a later date.

**F.**
**NOTICE THAT DOCUMENTS WILL BE USED**

In accordance with TEX. R. CIV. P. 193.7, Defendant hereby gives notice to all parties that Defendant intends to use at trial or at any pre-trial proceedings all documents produced by Plaintiff and Defendants in response to discovery from any and all parties in this cause.

**G.**
**JURY DEMAND**

Pursuant to TEX. R. CIV. P. 216, Defendant demands a jury trial.  The appropriate jury fee has been or will be paid.

**H.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Childs prays that this Court sustain his plea to the jurisdiction, that Plaintiff takes nothing by her suit, that Defendant recover his reasonable costs of court, and for such other and further relief both general and special, whether at law or in equity, to which Defendant may show himself justly entitled.

Respectfully submitted,

**PERRY LAW P.C.**

By:*/s/ Meloney Perry*
    Meloney Perry
    State Bar No. 00790424
    Stacy Thompson
    State Bar No. 24046971
    Shannon Spizman
    State Bar No. 24086729

    10440 North Central Expressway, Suite 600
    Dallas, Texas  75231
    (214) 265-6201 (Telephone)
    (214) 265-6226 (Facsimile)
    mperry@mperrylaw.com
    sthompson@mperrylaw.com
    sspizman@mperrylaw.com

**ATTORNEYS FOR DEFENDANT
HARRELL CHILDS**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument was served on the following counsel of record on this the 14th day of August 2017 in accordance with the TEXAS RULES OF CIVIL PROCEDURE:

    ***Via Electronic Service***
    Brandon A. Lavery
    Amy K. Witherite
    EBERSTEIN & WITHERITE, LLP
    10440 N. Central Expressway, Suite 400
    Dallas, Texas 75231
    brandon.lavery@ewlawyers.com
    amy.witherite@ewlawyers.com
    ***Attorneys for Plaintiff***

        */s/ Meloney Perry*
        Meloney Perry

00058325.DOCX

# EXHIBIT
# 1-I

## CAUSE NO. DC-17-07970

| | | |
|---|---|---|
| **BARBARA BRASWELL,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **14TH JUDICIAL DISTRICT** |
| | § | |
| **GEICO ADVANTAGE INSURANCE** | § | |
| **COMPANY and HARRELL CHILDS,** | § | |
| *Defendants.* | § | **DALLAS COUNTY, TEXAS** |

## NOTICE OF FILNG NOTICE OF REMOVAL

COME NOW, Defendants GEICO Advantage Insurance Company and Harrell Childs (hereafter, "Defendants"), by and through their attorneys, Perry Law P.C. (Meloney Perry and Stacy Thompson), and hereby files their Notice of Filing Notice of Removal to Federal Court, and would respectfully show the Court as follows:

### I.

Written notice of the removal of this cause will be filed contemporaneously with the United States District Court for Northern District of Texas, Dallas Division on August 17, 2017. A copy of the Notice of Removal without exhibits, as submitted to the United States District Court, together with the Certificate of Service to Plaintiff's counsel, is attached.

### II.

This Court is respectfully requested to proceed no further in this action, unless and until such time as the action may be remanded by order of the United States District Court.

Respectfully submitted this 17th day of August 2017.

Respectfully submitted,

**PERRY LAW P.C.**

By:*/s/ Meloney Perry*
Meloney Perry
State Bar No. 00790424
Stacy Thompson
State Bar No. 24046971
Shannon Spizman
State Bar No. 24086729

10440 North Central Expressway, Suite 600
Dallas, Texas  75231
(214) 265-6201 (Telephone)
(214) 265-6226 (Facsimile)
mperry@mperrylaw.com
sthompson@mperrylaw.com
sspizman@mperrylaw.com

**ATTORNEYS FOR DEFENDANTS GEICO
ADVANTAGE INSURANCE COMPANY and
HARRELL CHILDS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of August 2017, I filed the foregoing electronically, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Brandon A. Lavery
Amy K. Witherite
EBERSTEIN & WITHERITE, LLP
10440 N. Central Expressway, Suite 400
Dallas, Texas 75231
Telephone: (214) 378-6665
Facsimile: (214) 378-6670
Email: brandon.lavery@ewlawyers.com
          amy.witherite@ewlawyers.com

*/s/ Meloney Perry*
Meloney Perry

# EXHIBIT
# 1-J

## Case Information

DC-17-07970 | BARBARA BRASWELL vs. GEICO ADVANTAGE INSURANCE COMPANY, et al

Case Number
DC-17-07970

Court
14th District Court

Judicial Officer
MOYE', ERIC

File Date
07/05/2017

Case Type
MOTOR VEHICLE ACCIDENT

Case Status
OPEN

## Party

PLAINTIFF
BRASWELL, BARBARA

Address
10440 N. CENTRAL EXPRESSWAY, SUITE 400
DALLAS TX 75231

Active Attorneys ▾
Lead Attorney
LAVERY, BRANDON
Retained

Work Phone
214-378-6665

Fax Phone
214-378-6670

DEFENDANT
GEICO ADVANTAGE INSURANCE COMPANY

Address
BY SERVING ITS REGISTERED AGENT DAN BEACOM
2280 NORTH GREENVILLE AVE
RICHARDSON TX 75082

Active Attorneys ▾
Lead Attorney
PERRY, MELONEY
Retained

Work Phone
214-265-6201

Fax Phone
214-265-6226

DEFENDANT
CHILDS, HARRELL

Address
7714 TEXRIDGE DRIVE
DALLAS TX 75232

Active Attorneys ▾
Lead Attorney
PERRY, MELONEY
Retained

Work Phone
214-265-6201

Fax Phone
214-265-6226

## Events and Hearings

07/05/2017 NEW CASE FILED (OCA) - CIVIL

07/05/2017 ORIGINAL PETITION ▾

ORIGINAL PETITION

07/05/2017 CASE FILING COVER SHEET ▾

CIVIL CASE INFORMATION SHEET

07/05/2017 ISSUE CITATION

07/05/2017 JURY DEMAND

07/10/2017 CITATION ISSUED ▾

DC1707970 A.pdf

DC1707970 B.pdf

07/10/2017 CITATION ▾

Anticipated Server
ESERVE
Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
07/24/2017
Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
07/24/2017
Comment
ESERVE KK

07/24/2017 RETURN OF SERVICE ▾

20170721 BRASWELL BARBARA CITATION GEICO ADVANTAGE INSURANCE COMPANY - EXECUTED.pdf

   Comment
   CITATION RETURN - GEICO

07/24/2017 RETURN OF SERVICE ▾

20170721 BRASWELL BARBARA CITATION HARRELL CHILDS - EXECUTED.pdf

   Comment
   CITATION RETURN - HARRELL CHILDS

08/10/2017 NOTICE OF DISMISSAL FOR WANT OF PROSECUTION ▾

NOTICE OF DISMISSAL FOR WANT OF PROSECUTION

   Comment
   MAILED

08/14/2017 SPECIAL EXCEPTIONS ▾

Defendant GEICO's Special Exceptions and Verified Original Answer

   Comment
   DEFT-GEICO

08/14/2017 SPECIAL EXCEPTIONS ▾

SPECIAL EXCEPTIONS

   Comment
   DEFT-HARRELL CHILDS

08/14/2017 ORIGINAL ANSWER - GENERAL DENIAL ▾

SPECIAL EXCEPTIONS

08/14/2017 ORIGINAL ANSWER - GENERAL DENIAL ▾

Defendant GEICO's Special Exceptions and Verified Original Answer

09/15/2017 DISMISSAL FOR WANT OF PROSECUTION ▾

Judicial Officer
MOYE', CRAIG

Hearing Time
11:00 AM

## Financial

BRASWELL, BARBARA
    Total Financial Assessment                                        $343.00
    Total Payments and Credits                                     $343.00

| Date | Transaction | Receipt | Party | Amount |
|---|---|---|---|---|
| 7/7/2017 | Transaction Assessment | | | $343.00 |
| 7/7/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 42242-2017-DCLK | BRASWELL, BARBARA | ($343.00) |

## Documents

ORIGINAL PETITION

CIVIL CASE INFORMATION SHEET

DC1707970 A.pdf

DC1707970 B.pdf

20170721 BRASWELL BARBARA CITATION GEICO ADVANTAGE INSURANCE COMPANY - EXECUTED.pdf

20170721 BRASWELL BARBARA CITATION HARRELL CHILDS - EXECUTED.pdf

NOTICE OF DISMISSAL FOR WANT OF PROSECUTION

Defendant GEICO's Special Exceptions and Verified Original Answer

SPECIAL EXCEPTIONS